UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KATRELL SMITH,

                               Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER TROY
LUIS, POLICE OFFICER JOHN DOE,

                              Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 5771 (AKH) (AJP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. This case arises from a February 9, 2007 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, two illegal strip searches, fabrication of evidence, and malicious prosecution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claim of malicious prosecution. With respect to

this state law claim, a notice of claim was duly filed on the City of New York within 90 days of the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim of malicious prosecution.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Troy Luis is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on February 9, 2007. Luis is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Luis is sued in his individual capacity.

8. Police Officer John Doe is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on February 9, 2007. Doe is sued in his individual capacity.

**STATEMENT OF FACTS**

9. On February 9, 2007, at approximately 8:30 a.m., on Seaview Avenue at the corner of Rockaway Avenue, Brooklyn, New York, Police Officers Troy Luis and John Doe seized and arrested plaintiff without probable cause.

10. In the course of arresting plaintiff, either Officer Luis or Officer Doe (whichever of the officers is a tall black male) unnecessarily and maliciously twisted plaintiff's left arm behind his back causing plaintiff pain and injury.

11. After plaintiff was placed under arrest, several other police officers arrived on the scene.

12. Plaintiff was subsequently taken to the 69th Precinct for arrest processing.

13. At the 69th precinct, either Officer Luis or Officer Doe (whichever of the officers is a short Hispanic male) illegally strip searched plaintiff and ordered plaintiff to squat and cough.

14. On February 9, 2007, at approximately 11:00 p.m., plaintiff was taken to Brooklyn Central Booking for further arrest processing and to await arraignment.

15. Upon being admitted to Central Booking, police officers illegally strip searched plaintiff down to his underwear in front of other inmates.

16. While plaintiff was incarcerated in Central Booking, Officers Luis and Doe met with an Assistant District Attorney and misrepresented that they discovered illegal narcotics on plaintiff's person on February 9, 2007.

17. In the evening of February 10, 2007, plaintiff was arraigned in criminal court.

18. During the arraignment, claimant was released on his own recognizance.

19. In April, 2007, plaintiff and Officers Luis and Doe testified before the Grand Jury.

20. Officers Luis and Doe misrepresented to the Grand Jury that they discovered illegal narcotics on plaintiff's person on February 9, 2007.

21. In April, 2007, the Grand Jury declined to indict plaintiff and the criminal charges were dismissed.

22. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his left arm, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and loss of $57.00.

**FEDERAL CLAIMS AGAINST POLICE OFFICER TROY LUIS AND POLICE OFFICER JOHN DOE**

23. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24. The conduct of Police Officer Troy Luis and Police Officer John Doe, as described herein, amounted to false arrest, excessive force, two illegal strip searches, fabrication of evidence, and malicious prosecution. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIM AGAINST POLICE OFFICER TROY LUIS AND POLICE OFFICER JOHN DOE**

25. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The conduct of Police Officer Troy Luis and Police Officer John Doe, as described herein, amounted to malicious prosecution in violation of the laws of the State of New York.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

27. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28. The City of New York directly caused the constitutional violations suffered by plaintiff.

29. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

30. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### STATE LAW CLAIM AGAINST THE CITY OF NEW YORK

31. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 as if fully set forth herein.

32. Because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   June 18, 2007
         Brooklyn, New York

                                        CARDINALE & MARINELLI
                                        26 Court Street, Suite 1815
                                        Brooklyn, New York 11242
                                        (718) 624-9391

                                        By:

                                        s/
                                        _____
                                        RICHARD J. CARDINALE (RC-8507)