UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KATRELL SMITH,

                                          Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER TROY
LUIS, POLICE OFFICER JOHN DOE,

                                          Defendants.

------------------------------------------------------------------------ x

**ANSWER**

Jury Trial Demanded

07 Civ. 5771 (AKH)

        Defendants City of New York and Troy Luis, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.        Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.        Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed and to invoke the jurisdiction of this Court as stated therein.

        3.        Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein, that a document purporting to be a notice of claim was received by the Comptroller's Office on or about May 16, 2007, and that this purported claim has not been settled or adjusted.

        4.        Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

    5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

    6. Admit the allegations set forth in paragraph "6" of the complaint.

    7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to proceed as stated therein, that Troy Luis is employed by the City of New York as a police officer, and that Troy Luis was the assigned "arresting officer" of plaintiff on February 9, 2007.

    8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff was arrested by New York City Police Officers on or about February 9, 2007 in front of 9716 Seaview Avenue, in Brooklyn, New York.

    10. Deny the allegations set forth in paragraph "10" of the complaint.

    11. Deny knowledge or information sufficient to form a belief as to the tuth of the allegations set forth in paragraph "11" of the complaint.

    12. Admit the allegations set forth in paragraph "12" of the complaint.

    13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a strip-search of plaintiff was conducted at the 69th Precinct.

    14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was transported to Brooklyn Central Booking on February 9, 2007.

15. Deny the allegations set forth in paragraph "15" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was subjected to a strip-search at Brooklyn Central Booking.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that police officers recovered narcotics from plaintiff's person on February 9, 2007.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that police officers recovered narcotics from plaintiff's person on February 9, 2007.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the amended complaint, defendants repeat and reallege paragraphs "1" through "22" of this answer as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the amended complaint, defendants repeat and reallege paragraphs "1" through "24" of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the amended complaint, defendants repeat and realleges paragraph "1" through "26" of this answer as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the amended complaint, defendants repeat and reallege paragraphs "1" through "30" of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

33. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

34. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

35. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

36. The plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

37. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

38. Plaintiff's state law claim may be barred for failure to comply with N.Y. General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

39. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

40. Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

41. Defendant Troy Luis has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          September 5, 2007

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                           City of New York
                         Attorneys for Defendants
                         100 Church Street, Room 3-143
                         New York, New York 10007
                         (212) 788-0991

                         By:    /s/
                                 Michael Chestnov (MC 0443)
                                 Assistant Corporation Counsel
                                 Special Federal Litigation Division

TO:    Richard J. Cardinale, Esq.
       Cardinale & Marinelli
       Attorneys for Plaintiff
       26 Court St., Suite 1815
       Brooklyn, NY 11242
       (718) 624-9391 (Via First Class Mail and E.C.F.)

**DECLARATION OF SERVICE BY MAIL**

      I, MICHAEL CHESTNOV, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on SEPTEMBER 5, 2007, I caused to be served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

    Richard J. Cardinale, Esq.
    Cardinale & Marinelli
    26 Court St., Suite 1815
    Brooklyn, NY 11242

Dated:    New York, New York
            September 5, 2007


                                              /s
                                          MICHAEL CHESTNOV
                                          ASSISTANT CORPORATION COUNSEL

Index No. 07 Civ. 5571 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATRELL SMITH,

                          Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                          Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Michael Chestnov*
*Tel:  (212) 788-0991*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.......................................................................... , 200...*

*................................................................................................ Esq.*

*Attorney for............................................................................................*